ALICE SOWMA, Plaintiff, *v.* ANNA ROIZEN and SEBASTIAN LORENZO, Defendants.

Supreme Court, Erie County, February 11, 1929.

*Werner, Harter & Moran,* for the plaintiff.

*Jacob Jacobson* [*Charles E. Doane* of counsel], for the defendant Lorenzo.

HINKLEY, J. This action was brought upon the claim that one Harry Gladner was without the jail limits on September 10, 1928, in violation of two undertakings, one given by defendant Anna Roizen, at the time of Gladner's arrest and release September 13, 1928, and the other by defendant Sebastian Lorenzo, on April 25, 1928.

The action was prosecuted only against defendant Sebastian Lorenzo, as service of the summons was not and could not, it was claimed, be served upon the other defendant during the time that plaintiff claimed that said Gladner was without the jail limits.

That all of the issues might be more carefully determined, the court, by consent of counsel, submitted to the jury the one and only question of fact presented at the trial, leaving for more mature deliberation the rather novel question of law as to whether or not on September 10, 1928, the said Harry Gladner had been automatically discharged from imprisonment within the jail limits, by virtue of section 72 of the Civil Rights Law (as added by Laws of 1920, chap. 924).

The jury rendered its verdict in writing, as follows: " Q. Was Garry Gladner outside of the City of Buffalo at the time of the service of the summons and complaint in this action on the defendant Sebastian Lorenzo? A. Yes."

The prisoner, Harry Gladner, was arrested by virtue of an execution against his person in a civil action, on February 13, 1928. Upon that day he delivered to the sheriff of Erie county an approved undertaking " conditioned, that the person so in custody shall remain a prisoner, and shall not, at any time, or in any manner, escape or go without the liberties of the jail, until discharged by due course of law." (Prison Law, § 364, as added by Laws of 1920, chap. 933.)

The prisoner thereupon became entitled to and was admitted to the liberties of the jail, in accordance with section 362 of the Prison Law (as added by Laws of 1920, chap. 933), which provides as follows:

" § 362. Who entitled to jail liberties.— A person in the custody of a sheriff, by virtue of an order of arrest; or of an execution in a civil action; or in consequence of a surrender in exoneration of his bail; is entitled to be admitted to the liberties of the jail, upon

delivering to the sheriff an approved undertaking as prescribed in section three hundred and sixty-four of this chapter."

Upon the expiration of six months from that day he could no longer be imprisoned within the jail liberties, provided he had been required to remain within such jail liberties during that period.

" No person shall be imprisoned within the jail liberties of any jail for a longer period than six months upon any execution or other mandate against the person." (Civil Rights Law, § 72.)

Counsel for plaintiff contends that during the period when the original surety was justifying and the new undertaking was being prepared and given, Gladner was not imprisoned within the jail liberties. Counsel likewise contends that section 364 of the Prison Law, which provides that if the bail shall not be allowed, the court, judge or county judge shall remand the prisoner to the custody of the sheriff, required the judge to remand the prisoner to the custody of the sheriff during the period required for the justification of the old and the giving of the new undertaking. That the judge not having remanded the prisoner to the custody of the sheriff, he was neither in actual custody nor upon the jail liberties during that period, but was at large until the giving of the second undertaking.

Upon analysis there is no force to that contention. The prisoner was released from jail and imprisoned within the jail liberties upon the delivery of the original undertaking. That undertaking was not discharged but remained in force, and there was no suspension or interference with the prisoner's imprisonment within the jail limits. Judicial determination of the insufficiency of the original undertaking did not affect its validity. It remained in force and when additional bail was required, a new undertaking was given, in accordance with section 852 of the Civil Practice Act. During all this time the prisoner was required to remain within the jail liberties, not by virtue of any of the provisions of the undertaking, but by order of the original mandate of arrest.

This is not only a logical conclusion, but is clearly indicated by the language of section 72 of the Civil Rights Law that " no person shall be imprisoned within the jail liberties of any jail for a longer period than six months *upon any execution or other mandate against the person.*"

Had the prisoner been remanded to the custody of the sheriff and actually confined in jail during the period required for justification and the giving of the new undertaking, an interesting question not here presented would have arisen as to whether that period of actual confinement would operate to reduce the six months' limitation of the jail liberty imprisonment.

The question of fact submitted to the jury is not material to the determination of the principles of law here determined, as indicated by this memorandum. Upon the stipulation of counsel that the court be permitted to render such judgment as it deems proper, with or without the aid of the verdict of a jury, judgments may be entered herein, dismissing plaintiff's complaint, with costs.